IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FASTVDO LLC,<br><br>            Plaintiff,<br>    v.<br><br>AT&T MOBILITY LLC,<br>AT&T SERVICES, INC., and<br>APPLE, INC.,<br><br>            Defendants. | Case No. 2:15-cv-921-RWS-RSP<br><br>**Jury Trial Demanded** |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

In this action for patent infringement, Plaintiff FastVDO LLC ("FastVDO") makes the following allegations against AT&T Mobility LLC, AT&T Services, Inc., and Apple, Inc. (collectively, "Defendants"):

**BACKGROUND**

1.      Data compression and decompression techniques are commonly applied in order to transmit large amounts of data, such as audio or image data, over channels with limited bandwidth or to store data in limited memory space.  Compressed data, however, is highly susceptible to errors that can result in catastrophic effects on the reconstructed data, thereby necessitating the implementation of error protection techniques.  Such error protection, however, decreases the efficiency of the data transmission and can result in delays.

2.      In 1992, James Meany and Christopher Martens, while working in the aerospace and defense industry, began a project to develop a reduced bandwidth digital data link for use in man-in-the-loop missile control systems.  This was part of a larger effort called the Advanced Terminal Guidance ("ATG") project.

3.      Error correction and detection was essential to handle channel errors on the link in these highly sensitive and important aerospace and defense projects.  Meany and Martens, in

working to address error vulnerabilities, further developed an entirely new error resilient coding scheme that achieves improved error resilience while providing better coding efficiency than previous coding methods. Consequently, their systems and methods included novel approaches using unequal error-protection coding and were successful in increasing overall throughput over an error-protected link.

4. In early 1995, Meany and Martens diligently began preparations to seek patent protection for their inventions, and filed a patent application with the United States Patent and Trademark Office ("USPTO") on April 17, 1996. On December 15, 1998, the USPTO issued U.S. Patent No. 5,850,482 (the "'482 patent"), entitled "Error Resilient Method and Apparatus for Entropy Coding." Since then, the '482 patent has been cited in at least 127 other U.S. patents or patent applications.

## THE PARTIES

5. FastVDO is a Florida limited liability corporation with a principal place of business at 3097 Cortona Drive, Melbourne, Florida 32940.

6. On information and belief, Defendant AT&T Mobility LLC ("AT&T Mobility") is a Delaware limited liability company with a principal place of business at 1025 Lennox Park Boulevard, Atlanta, Georgia 30319.

7. On information and belief, Defendant AT&T Services, Inc. ("AT&T Services") is a Delaware Corporation with a principal place of business at 1010 N. Saint Mary's Street, San Antonio, Texas 78215.

8. On information and belief, AT&T Mobility LLC and AT&T Services, Inc. (collectively, "AT&T") are subsidiaries of AT&T Inc.

9. On information and belief, Defendant Apple, Inc. ("Apple") is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including § 271.

1

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.  Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products that infringe the asserted patent, and inducing others to infringe the asserted patent.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and Defendants have committed and continue to commit acts of patent infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,850,482

14. FastVDO incorporates by reference the allegations in the foregoing paragraphs, and further alleges as follows:

15. FastVDO is the owner by assignment of the '482 Patent, a true and correct copy of which is attached as Exhibit A to this Complaint.

16. The '482 patent relates to methods and apparatuses for compressing and decompressing data by entropy encoding and decoding.  More particularly, the '482 patent provides, for example, improved error-resilient methods and apparatuses for encoding and decoding that utilize unequal error protection techniques.  These techniques include, *inter alia*, generating a plurality of code words representative of respective portions of the data and providing error protection to at least one of the first portions of the plurality of code words while maintaining any error protection provided to one or more other portions of the data at a lower level than the error protection provided to the respective first portion.

17.     Apple, in violation of 35 U.S.C. § 271, has infringed and continues to directly infringe one or more claims of the '482 patent, in this District and elsewhere in the United States, by manufacturing, using, selling, offering for sale, and/or importing products that utilize, for example, unequal error-protection coding, including products that comply with Adaptive Multi-Rate ("AMR") and Adaptive Multi-Rate, Wide-Band ("AMR-WB") protocols, such as the iPhone smartphone series, and any such reasonably similar products (collectively, the "Accused Devices").  Apple has committed these acts of infringement without license or authorization.

18.     Apple also indirectly infringes the '482 patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the Accused Devices, of one or more claims of the '482 patent in violation of 35 U.S.C. § 271.  On information and belief, Apple knew of the '482 Patent and knew of its infringement since the filing of the original Complaint in this action on June 2, 2015 or shortly thereafter.  Apple's affirmative acts in this District of, *inter alia*, selling the Accused Devices and causing the Accused Devices to be manufactured and distributed, and providing instruction manuals, user manuals, and advertising pamphlets for, and describing the operation of, the Accused Devices, have induced and continue to induce Apple's manufacturers, resellers, and/or end-users to use, sell, offer for sale, and/or import the Accused Devices in their normal and customary way to infringe the '482 patent.  Apple specifically intended and was aware that these normal and customary activities would infringe the '482 patent.  Apple performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '482 patent and with knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

19.     AT&T, in violation of 35 U.S.C. § 271, has infringed and continues to directly infringe one or more claims of the '482 patent, in this District and elsewhere in the United States, by manufacturing, using, selling, offering for sale, and/or importing the Accused Devices, including by selling and offering for sale the iPhone smartphone series.  AT&T has committed these acts of infringement without license or authorization.

20. AT&T also indirectly infringes the '482 patent by inducing infringement by others, such resellers and/or end-users of the Accused Devices, of one or more claims of the '482 patent in violation of 35 U.S.C. § 271. On information and belief, AT&T knew of the '482 Patent and knew of its infringement since the filing of the original Complaint in this action on June 2, 2015 or shortly thereafter. AT&T's affirmative acts in this District of, *inter alia*, selling the Accused Devices and causing the Accused Devices to be distributed, and providing instruction manuals, user manuals, and advertising pamphlets for, and describing the operation of, the Accused Devices, have induced and continue to induce AT&T's resellers and/or end-users to use, sell, offer for sale, and/or import the Accused Devices in their normal and customary way to infringe the '482 patent. AT&T specifically intended and was aware that these normal and customary activities would infringe the '482 patent. AT&T performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '482 patent and with knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

21. By engaging in the conduct described herein, Defendants have injured FastVDO and are thus liable for infringement of one or more claims of the '482 patent under 35 U.S.C. § 271.

22. As a result of Defendants' infringement of the '482 patent, FastVDO has been damaged and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

FastVDO respectfully requests the following relief from this Court:

A. A judgment in favor of FastVDO that Defendants have infringed the '482 patent;

B. A judgment and order requiring Defendants to pay FastVDO its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '482 patent as provided under 35 U.S.C. § 284;

      C.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to FastVDO its reasonable attorneys' fees against Defendants;

      D.      Any and all other relief to which FastVDO may be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FastVDO requests a trial by jury of any issues so triable by right.

DATED:  September 28, 2015  Respectfully Submitted,

By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

RUSS AUGUST & KABAT
Marc A. Fenster (CA SBN 181067)
Reza Mirzaie (CA SBN 246953)
Jeffrey Z.Y. Liao (CA SBN 288994)
Shani M. Tutt (CA SBN 274509)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
rmirzaie@raklaw.com

*Attorneys for Plaintiff FastVDO LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 28th day of September, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Charles Ainsworth*
CHARLES AINSWORTH