UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTVDO LLC,<br><br>         Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, et al,<br><br>         Defendant. | Case No.: 16-CV-385-H (WVG)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 155]** |

  Currently before the Court is a Joint Motion for Determination of Discovery Dispute re Apple's Responses to FastVDO's First Common Set of Requests for Production ("Joint Motion") filed by FastVDO LLC and Apple, Inc. on August 2, 2016. ECF No. 155. Having considered the briefing submitted by the parties and having reviewed all of the supporting exhibits, the Court OVERRULES Defendant Apple, Inc.'s objections for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

  On June 2, 2015, Plaintiff FastVDO LLC ("Plaintiff") filed a complaint against Apple, Inc. ("Apple"), AT&T Mobility LLC, and AT&T Services, Inc. (collectively "AT&T") in the United States District Court, Eastern District of Texas alleging direct and indirect infringement of United States patent number 5,850,482 ("Patent") in violation of 35 U.S.C. §§ 271 and 284, respectively. ECF No. 1. On September 28, 2015, Plaintiff filed

an Amended Complaint alleging direct and indirect infringement of the Patent in violation of 35 U.S.C. § 271. ECF No. 32. In paragraph 17 of the Amended Complaint, Plaintiff alleges:

> Apple, in violation of 35 U.S.C. § 271, has infringed and continues to directly infringe one or more claims of the '482 patent, in this District and elsewhere in the United States, by manufacturing, using, selling, offering for sale, and/or importing products that utilize, for example, unequal error-protection coding, including products that comply with Adaptive Multi-Rate ("AMR") and Adaptive Multi-Rate, Wide-Band ("AMR-WB") protocols, such as the iPhone smartphone series, and any such reasonably similar products (collectively, the "Accused Devices"). Apple has committed these acts of infringement without license or authorization.

*Id*. at 4. In paragraph 18 of the Amended Complaint, Plaintiff alleges in relevant part:

> Apple also indirectly infringes the '482 patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the Accused Devices, of one or more claims of the '482 Patent in violation of 35 U.S.C. § 271.

*Id*. at 4.

On October 16, 2015, Apple filed an Answer to the Amended Complaint denying all allegations set forth in paragraphs 17 and 18, denied any infringement, and counterclaimed for declaratory judgment of noninfringement of the Patent. ECF No. 34. On February 8, 2016, the parties filed a Joint Motion to change venue to the United States District Court, Southern District of California ("S.D. Cal."). ECF No. 70. On February 17, 2016, the instant action was transferred to S.D. Cal. ECF No. 75.

On April 4, 2016, the Honorable Judge Huff convened a telephonic Case Management Conference ("CMC"). ECF No. 124. Thereafter, on April 5, 2016, Judge Huff issued a Case Management Scheduling Order where Plaintiff was ordered to serve on Apple and AT&T a Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions") on or before April 8, 2016. ECF No. 125 at 3. On April 8, 2016, Plaintiff served Apple and AT&T with the requisite Infringement Contentions. ECF

1  No. 155-2. In the Infringement Contentions, Plaintiff lists the following as Accused
2  Products:

> "The iPhone smartphone series (e.g., iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPhone 5S, iPhone 5C, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE) sold on or after June 2, 2009" and "All products operating in accordance with the Adaptive Multi-Rate ("AMR") or Adaptive Multi-Rate-Wideband ("AMR-WB") standards sold on or after June 2, 2009"

8  Id. at 3.

9  On June 22, 2016, the parties filed a Joint Motion to Extend the Timeline For
10 Plaintiff To Serve Amended Infringement Contentions, where the parties "agree[d] to
11 extend the deadline for [Plaintiff] to serve any amended infringement contentions" to July
12 1, 2016. ECF No. 143 at 2. On June 23, 2016, Judge Huff granted the parties motion and
13 extended the deadline to serve Amended Infringement Contentions no later than July 1,
14 2016. ECF No. 144. On July 1, 2016, Plaintiff served Apple with a First Amended
15 Disclosure Of Asserted Claims And Infringement Contentions ("Amended Infringement
16 Contentions"). ECF No. 155-3. In the Amended Infringement Contentions, Plaintiff lists
17 the following as Accused Products:

> "The iPhone smartphone series (e.g., iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPhone 5S, iPhone 5C, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE) sold to any person, directly or through a service provider or any other intermediary, on or after June 2, 2009" and " All products operating in accordance with the Adaptive Multi-Rate ("AMR") or Adaptive Multi-Rate-Wideband ("AMR-WB") standards sold to any person, directly or through a service provider or any other intermediary, on or after June 2, 2009"

24 ECF No. 155-3 at 3.

25 On a date unknown to the Court, Plaintiff served Apple with the First Common Set
26 of Requests for Production of Documents ("RPD"). See ECF No. 155 at 4. In the RPD,
27 Plaintiff's first request was met with seven objections to the RPD by Apple. *Id*. at 4-6. The
28 RPD contained additional requests for production and request Nos. 2-4, 11, 12, 29-40, and

1  50-54 were met with the same disputed objection. *Id*. at 4. The parties have stipulated that
2  the Court's resolution to RPD request one will also apply to request Nos. 2-4, 11, 12, 29-
3  40, and 50-54. *Id*.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation and citation omitted). "District courts have broad discretion to determine relevancy for discovery purposes." *Id*. "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).

A party may request the production of any document within the scope of FRCP 26(b). Fed. R. Civ. P. 34(a). However, the court must limit the extent of discovery if it determines that the proposed discovery is outside the scope permitted by FRCP 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

In addition to the FRCP and the Civil Local Rules, this case is also governed by the Patent Local Rules. Patent Local Rule 3.1 requires that "[n]ot later than fourteen days after the Initial Case Management Conference ("CMC"), a party claiming infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions")." Patent L.R. 3.1. The Infringement Contentions must identify each accused apparatus, product, device, or other accused instrumentality "by name or model number, if known." Patent L.R. 3.1(b).

## III. DISCUSSION

In RPD request one, Plaintiff requested "[d]ocuments sufficient to identify all your UMTS Products, including the make, model, date and relevant circumstances of the introduction of each UMTS Product." ECF No. 155 at 4. Defendant responded with seven

objections to the RPD. *Id*. at 4-6. However, only one objection is in dispute.[1] The objection in dispute states that Apple objects to the RPD "as not limited to iPhones for the AT&T network." *Id*. at 5.

In support of this objection, Apple argues that by filing the complaint against AT&T and no other networks, and using the same singularly defined accused devices against both parties, that Plaintiff thereby limited the allegedly infringing products to iPhones on the AT&T network. *Id*. at 10. Apple claims this understanding was cemented when Apple filed its Reply in Support of Transfer (ECF No. 56 at 4) where Apple described the accused devices for Apple and AT&T as "the same." *Id*. Further, Apple argues it had made a substantively similar objection to Plaintiff's interrogatories that called for information regarding non-AT&T iPhones where Apple limited its response to AT&T network iPhones only. *Id*. at 11. Lastly, Apple argues Plaintiff delayed complaining about the instant objection until June 27, 2016, did not notify the Court of the objection until July 15, 2016, prejudicing Apple by claiming Plaintiff is attempting to expand the scope of the accused products at a date too close to trial. *Id*. Apple claims it has "investigated whether, when, and how iPhones support the accused AMR and AMR-WB protocol on the AT&T network with Apple engineers, third party suppliers, and experts in the fields" since the inception of the case and any attempt to expand the scope of accused products beyond iPhones for the AT&T network at this late stage would be highly prejudicial. *Id*. at 11.

Plaintiff argues that a patent complaint need not identify every infringing product but merely identify a general category of products. *Id*. at 7. Plaintiff claims to have gone

---

[1] Apple also objected on the following additional grounds, none of which are at issue now: (1) the request was "improperly seeking discovery outside of the scope of the Complaint" because the Accused Devices as defined in paragraph 17 of the Amended Complaint "are limited to the 'iPhone smartphone series' and reasonably similar products"; (2) the request was not limited to AT&T iPhones made, sold, offered for sale, or imported into the United States within six years of filing the Complaint; (3) the request was vague and ambiguous; (4) the request sought information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense of common interest doctrine, or any other applicable privilege, doctrine, or immunity; and (5) the request calls for the disclosure of information that contains the confidential information of a third party. ECF No. 155 4-6.

beyond this standard and the plain language of the complaint "precisely and accurately identifies the products at issue: 'products that utilize, for example, unequal error-protection coding, including products that comply with Adaptive Multi-Rate ('AMR') and Adaptive Multi-Rate, Wide-Band ('AMR-WB') protocols, such as the iPhone smartphone series, and any such reasonably similar products…'" *Id*. at 7. What this preceding sentence, so compellingly and clearly indicates, Plaintiff submits, is that there is not even a hint that the definition of Accused Devices is in any way, shape, or form, restricted to only those Apple products sold or distributed over the AT&T network. *Id*. at 8. Plaintiff asserts that only a "tortured reading" of the definition could be interpreted in the manner proposed by Apple. *Id*. at 8. Additionally, Plaintiff argues that Apple's own witness confirmed that the Accused Devices included all iPhones without a network limitation. *Id*. at 7-8. Lastly, Plaintiff asserts the Infringement Contentions and Amended Infringement Contentions served on Apple identify the iPhone smartphone series and "in no way limit the accused products to those associated with AT&T." *Id*. at 9.

The Court finds Plaintiff's argument persuasive. A plain reading of the Amended Complaint indicates that Plaintiff is alleging that Apple has violated 35 U.S.C. § 271 by infringing the Patent through Apple's manufacturing, using, selling, offering for sale, and/or importing products that comply with AMR and AMR-WB protocols. Apple did not file any motions objecting to the language used in the Amended Complaint nor did Apple assert any affirmative defenses regarding the sufficiency of the pleadings in its Answer to the Amended Complaint, waiving any rights Apple had in regards to the sufficiency of the language in the Amended Complaint. ECF No. 34; *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005)("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived."). The Court finds the language of the Amended Complaint places Apple on notice that any products that comply with AMR and AMR-WB protocols are at issue without limitation to network. Apple's argument that it confirmed its understanding of the Accused Devices in its Reply in Support of Transfer also falls flat as

1  Apple's understanding, whether correct or incorrect, cannot limit the Plaintiff in the case.
2  Apple's argument that a vague phrase placed in a Motion unrelated to the definition of the
3  Accused Devices somehow binds Plaintiff is unpersuasive. Apple cited no case law nor
4  authority to support its argument that Plaintiff conceded to Apple's 'interpretation' by
5  failing to object or file a sur-reply. If the Court were to accept Apple's argument that the
6  Accused Devices were "the same," the argument still fails as "the same" is not necessarily
7  exclusive.

8      The Court finds that Apple's argument of prejudice is without merit. Apple argues
9  Plaintiff is attempting to expand the scope of the products originally alleged to be
10 infringing at a late stage, causing prejudice to Apple. However, at the outset of the
11 litigation, Plaintiff alleged infringement against all Apple products that comply with AMR
12 and AMR-WB protocols. In compliance with Local Rule 3.1 and Judge Huff's Scheduling
13 Order, Plaintiff filed its Infringement Contentions which specifically named the following
14 devices:

> "The iPhone smartphone series (e.g., iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPhone 5S, iPhone 5C, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE) sold on or after June 2, 2009" and "All products operating in accordance with the Adaptive Multi-Rate ("AMR") or Adaptive Multi-Rate-Wideband ("AMR-WB") standards sold on or after June 2, 2009"

20 ECF No. 155-2 at 3. In the Amended Infringement Contentions, Plaintiff lists the same
21 accused products but includes the phrase sold "to any person, directly or through a service
22 provider or any other intermediary," on or after June 2, 2009 after both the iPhone
23 smartphone series list and the AMR/AMR-WB category. ECF No. 155-3 at 3. Notably,
24 neither the Infringement Contentions nor the Amended Infringement Contentions provides
25 any limitation regarding the network by which the alleged infringing products are a part.
26 The phrase "to any person, directly, or through a service provider or any other
27 intermediary" modifies the scope but not the identity of the previously listed Accused
28 Devices. Furthermore, and more important to this dispute, the phrase does not indicate any

specific network carrier. Only if the amended language were to list a network (i.e. AT&T) would Apple's argument make any sense. Because then, such a specification would narrow the scope of the alleged infringement to those iPhones sold through the network. But neither the Amended Complaint nor the initial or Amended Infringement Contentions were defined so narrowly.

Apple's decision to interpret Plaintiff's definition so narrowly defies logic and reason. According to Apple's explicit argument, Plaintiff's Accused Devices include only those iPhones sold or distributed through the AT&T network solely because AT&T is included as a defendant in this case. Following this reasoning, if Plaintiff wanted to include all iPhones in its list of Accused Devices, it would have had to add as a defendant every single network carrier in the United States that sold or distributed any product included in the iPhone smartphone series. This clearly would be an absurd result, but one supported if Apple's argument was to be accepted.

Apple argues that Plaintiff's failure to "identify any carrier or model number" in either the Infringement Contentions or the Amended Infringement Contentions is a vague identification and insufficient under the Local Patent Rules. However, the Local Patent Rules require a party to identify a device "by name *or* by model number, if known," not both. Local P.R. 3.1 (emphasis added). Plaintiff complied with the Rule.

Plaintiff completed and served both the Infringement Contentions and the Amended Infringement Contentions within the required deadlines established by the Court. Moreover, Apple consented to the extension of the deadline for the Amended Infringement Contentions on June 22, 2016. As Apple correctly asserts, the Patent Local Rules were "designed to streamline discovery and 'require parties to crystallize their theories early in the case to prevent 'the shifting sands' approach to claim construction.'" ECF No. 155 at 11 (quoting *SPH America, LLC, v. Huawei Technologies, Co., et al*, Case No. 13-CV-2323-CAB, ECF No. 177 at (S.D. Cal. July 5, 2016)). However, Apple cannot consent to an extension of time for deadlines established by the Patent Local Rules then assert Plaintiff is unfairly prejudicing Apple by operating in accordance with those extensions.

Apple's reliance on *SPH America, LLC, v. Huawei Technologies, Co., et al*, Case No. 13-CV-2323-CAB, ECF No. 177 (S.D. Cal. July 5, 2016) as persuasive authority is misplaced. ECF No. 155 at 11. (holding that listing industry standards on infringement contentions did not meet the specificity requirements for Local Patent Rule 3.1) In *SPH America*, the plaintiff included only industry standards in their infringement contentions whereas in the instant case Plaintiff has listed specific models of iPhone by name, as required by the Patent Local Rules. *See* Patent L.R. 3.1(b)

## IV. CONCLUSION

Based on the foregoing reasons, the Court OVERRULES Apple's objections and ORDERS Apple to respond to RPD request Nos. 1, 2-4, 11, 12, 29-40, and 50-54 within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 31, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge