# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTVDO LLC,<br><br>       Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, et al,<br><br>       Defendants. | Case No.: 16-CV-385-H (WVG)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 172]** |

Currently before the Court is a Joint Motion for Determination of Discovery Dispute re FastVDO's Responses to Apple's First Common Set of Request for Production ("Joint Motion") filed by Plaintiff FastVDO LLC ("Plaintiff") and Defendant Apple, Inc. ("Defendant") on September 15, 2016. (ECF No. 172.) Having considered the briefing submitted by the parties, reviewed all of the supporting exhibits, and hearing oral argument on October 6, 2016 the Court SUSTAINS Plaintiff FastVDO's objections for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has recited the facts and the various discovery disputes of this case in a recent order. *See* ECF No. 166. Thus, the Court will simply note there has been extensive litigation with several discovery disputes since Plaintiff filed a complaint on June 2, 2015. The present discovery dispute arises out of Defendant's First Common Set of Requests for

Production ("RPD") and Plaintiff's objections. (ECF No. 172 at 3.) Defendant's RPD request 10 was met with eight objections by Plaintiff. (*Id*. at 3-4.) The RPD contained additional requests for production and request Nos. 31, 42, 48, and 57 were met with the same disputed objections. (*Id*. at 3.)[1] The parties have stipulated that the Court's resolution to RPD request 10 will also apply to request Nos. 31, 42, 48, and 57. (*Id*.)

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(b)(3)(A), attorney work product "prepared in anticipation of litigation or for trial by or for another party or its representative" is subject to a qualified privilege. The Advisory Note on Rule 26 clarifies that "[m]aterials assembled in the ordinary course of business…or for other nonlitigation purposes are not" entitled to work-product protection. Dual purpose documents, those not prepared exclusively for litigation, are "deemed prepared because of litigation if 'in light of the nature of the documents and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *U.S. v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)* 357 F.3d 900, 907 (9th Cir. 2003)). "In applying the 'because of' standard, courts must consider the totality of the circumstances and determine whether the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.'" *Id*. at 568. A party claiming work-product protection bears the burden of establishing documents claimed as work-product were prepared in anticipation of litigation. *See U.S. v. Real Prop. and Improvements Located at 2366 San Pablo Ave., Berkley, Cal.*, 2014 WL 5335266, at *2 (N.D. Cal. Oct. 17, 2014).

---

[1] Plaintiff also objected on the following additional grounds, none of which are at issue now: (1) the disclosure is protected by the attorney-client privilege; (2) the request is not relevant to any claim or defense; (3) the request is overbroad and unduly burdensome; and (4) the request seeks information from an individual or entity outside of Plaintiff's control. (ECF No. 172 at 3-4.)

Work-product protection is waived if a document is disclosed to others when there is a reasonable probability that an opposing party may see the document, *see In re Imperial Corp. of Am.*, 167 F.R.D. 447, 456 (S.D. Cal. 1995) *aff'd*, 92 F.3d 1503 (9th Cir. 1996), or "when 'a party discloses protected information to a third party who is not bound to maintain its confidence, or otherwise shows disregard for the protection by making the information public,'" *Skynet Electronic Co., LTD v. Flextronics International, Ltd.*, 2013 WL 6623874, at *3 (N.D. Cal. 2013) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 719, 720 n. 4-6 (9th Cir. 2003)). A party claiming work-product protection bears the burden of establishing the protection has not been waived. *Id.* at *2 (citing *P. & B. Marina, Ltd. V. Logrande*, 136 F.R.D. 50, 53-54 (E.D.N.Y. 1991)).

The common interest doctrine is an exception to the rule on waiver where communications are disclosed to third parties. *See Pulse Engineering, Inc. v. Mascon, Inc.*, 2009 WL 3234177, at *3 (S.D. Cal. 2009) (citing *United States v. Bergonzi*, 216 F.R.D. 487, 495-96 (N.D. Cal. 2003)). "The common interest privilege applies where (1) the communication is made by separate parties in the course of a matter of common legal interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Id.* (citation omitted).

### III. DISCUSSION

Plaintiff acquired the asserted patent from Boeing on December 17, 2014. (ECF No. 172 at 4.) Prior to the acquisition of the asserted patent, Plaintiff entered into a non-disclosure agreement ("NDA") with Boeing, on May 14, 2014. (ECF. No. 172 at 5.) Defendant sought all documents related to the asserted patent communicated between Plaintiff and any third party. (*Id.* at 3.) Plaintiff objected, claiming work-product doctrine and common interest privilege. (*Id.*) Plaintiff provided privilege logs that indicated three documents ("Subject Documents") were transmitted from Boeing employee and author to the asserted patent, Dr. James Meany, to Plaintiff's CEO, Pankaj Topiwala. (*Id.* at 5.) Defendant is seeking discovery of the Subject Documents. Plaintiff lodged the Subject Documents, along with numerous other exhibits, with the Court for *in camera* review.

**a. <u>Work-Product Privilege</u>**

Plaintiff objects to Defendant's RPD on the grounds that the Subject Documents are work product prepared in anticipation of litigation. (ECF No. 172 at 3.) In support of this, Plaintiff contends that Dr. Meany was specifically instructed to prepare claim charts and infringement analysis solely for developing infringement theories against the manufacturers and resellers of devices implementing the Adaptive Multi-Rate speech codec. (ECF No. 172 at 9.) Plaintiff further argues the Subject Documents are fundamental to any pre-suit analysis and would not have been prepared unless litigation was anticipated. (*Id.*)

Defendant argues Plaintiff has not met its burden to demonstrate the documents were prepared in anticipation of litigation, arguing the Subject Documents are not in anticipation of litigation but documents designed to further business goals, citing *Thought, Inc. v. Oracle Corp.*, et al, 2014 WL 3940294 (N.D. Cal. 2014). (*Id.* at 8.) Defendant also asserts Plaintiff did not have personal knowledge as to whether the Subject Documents were prepared for litigation purposes because the Subject Documents were prepared by Dr. Meany, and not Plaintiff. (*Id.*)

The Court finds the Subject Documents were prepared in anticipation of litigation. The various documents lodged with the Court corroborate Plaintiff's assertion that Plaintiff and Dr. Meany communicated about the prospect of litigation prior to Plaintiff's decision to purchase the asserted patent. The specific terms of the final purchase agreement between Plaintiff and Boeing further demonstrate that the discussions between Boeing and Plaintiff, along with the Subject Documents, were done in anticipation of litigation. Additionally, the relatively short remaining life of the Patent at the time of its acquisition is further evidence the Patent was purchased for litigation purposes.[2]

The Court further finds that even if litigation was not the sole purpose for the creation

---

[2] Plaintiff purchased the patent from Boeing on December 17, 2014.  (ECF No. 172 at 2.) The patent expired on April 17, 2016.  *See* ECF No. 155 at 5.

1  of the Subject Documents, the totality of the circumstances indicate the Subject
2  Documents, at a minimum, served a dual purpose. The Subject Documents include claim
3  charts and infringement analyses, which are recurrently utilized in both patent law suits
4  and licencing agreements.  In this instance, the litigation purpose of the Subject Documents
5  permeates any potential non-litigation purpose so much so that the two cannot be separated.
6  In sum, the communications between Plaintiff and Boeing, paired with the remaining short
7  life of the patent, demonstrate to the Court that the documents were created because of
8  anticipated litigation, and would not have been created in substantially similar form but for
9  the prospect of litigation.

10  *Thought*, cited by Defendant, is distinguishable from the current dispute at hand. In
11  *Thought*, "the correspondence between Thought and the [other parties] made no mention
12  of litigation – they only called for patent background investigations or evaluations."
13  *Thought, Inc.*, 2014 WL 3940294, at *3. This caused the court to conclude that "the parties'
14  communication appear[ed] to be primarily for business, not litigation, functions." *Id*.
15  However, in the current matter, the documents lodged with the Court have numerous
16  references to litigation █████████████████████████
17  █████████ including the consequences of litigation to each party █████████
18  ██, further demonstrating they were prepared in anticipation of litigation.

19  **b.  <u>Waiver and the Common Interest Doctrine</u>**

20  Having found the Subject Documents are protected by the work-product doctrine,
21  the Court must now determine whether Plaintiff waived this privilege and whether any
22  potential waiver is exempted by the common interest doctrine. The Court finds Plaintiff
23  did not waive the work-product privilege and, assuming *arguendo* Plaintiff did waive the
24  privilege, the common interest doctrine applies.

25  In support of its objection, Plaintiff argues the Subject Documents were never
26  disclosed in such a manner that would substantially increase the likelihood of Defendant
27  discovering them and that neither Boeing nor Plaintiff disclosed any documents in violation
28  of the NDA. (ECF No. 172 at 11.) At oral argument, Plaintiff asserted the relationship

between Plaintiff and Boeing was always contemplated to be a common interest relationship akin to a joint venture. Much of Defendant's argument focuses on the notion that Plaintiff and Boeing did not have a common interest, citing the seven-month negotiation period between Plaintiff and Boeing and the lack of an exclusive option to purchase the asserted patent as evidence the relationship between Plaintiff and Boeing was adversarial in nature. (*Id*. at 6-7.) Defendant also directs the Court's attention to a series of communications regarding the negotiation process between Boeing and Plaintiff, attempting to further demonstrate the adversarial nature of Boeing and Plaintiff's relationship. (*Id*. at 7.)

Having reviewed the arguments provided in the Joint Motion, the documentation provided by Plaintiff for *in camera* review, the NDA, and other exhibits, the Court finds that Plaintiff has met its burden in demonstrating there was not a waiver of the work-product privilege. The disclosure of the Subject Documents between Plaintiff and Boeing did not increase the probability that a future adversarial party would discover the documents. This is evidenced by the NDA barring disclosure and Plaintiff's declaration that the Subject Documents have not been disclosed to any other parties. (*Id*. at 11.) The only disclosure of the Subject Documents was made between parties that were bound to maintain confidences as set forth in the NDA. Critically, the NDA was entered into on May 14, 2016, prior to the disclosure of the Subject Documents that were disclosed on October 9 and November 8, 2016, ensuring the parties were bound to maintain the confidence of the Subject Documents. (ECF No. 172 at 5.)

Even if there was a waiver of the work-product doctrine due to the disclosure of the Subject Documents, the common interest doctrine provides Plaintiff with an exception to the waiver rule requiring disclosure in discovery. It is undisputed the communication of the Subject Documents was made by separate parties. However, the Subject Documents, the final agreement signed by Boeing and Plaintiff, and other documents lodged with the Court clearly demonstrate that the parties had, at the time of the communication of the Subject Documents, a common legal interest. This legal interest was ultimately aligned

with a final agreement regarding the asserted patent. Defendant's argument citing an email containing negotiations as evidence of an adversarial relationship turns in Plaintiff's favor as it directs the Court to a clause in the purchase agreement between Plaintiff and Boeing that further indicates that Plaintiff and Boeing had a common legal interest when the Subject Documents were communicated. This further demonstrates to the Court the communications between Boeing and Plaintiff were in furtherance of the joint legal interest. The essential terms of the purchase agreement were agreed upon at or near the outset of the negotiation. The Court is not troubled by the fact that both Boeing and Plaintiff wanted to negotiate other terms. It would be unusual in any negotiated transaction for the parties to be of one mind right out of the gate. Simply because there was negotiation over some terms that continued over a period of months did not transform the relationship between Boeing and Plaintiff into an adversarial relationship. Lastly, as discussed above, the privilege has not been waived by Plaintiff or Boeing.

## IV. CONCLUSION

Based on the foregoing reasons, the Court SUSTAINS Plaintiff's objections to Defendant's RPD Nos. 10, 31, 42, 48, and 57.

**IT IS SO ORDERED.**

Dated:  October 20, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge