# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTVDO LLC,<br><br>  Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, et al.,<br><br>  Defendants. | Consolidated Case No.: 3:16-cv-00385-H-WVG<br>**LEAD CASE**<br><br>Member Cases:<br>3:16-cv-00386-H-WVG<br>3:16-cv-00390-H-WVG<br>3:16-cv-00394-H-WVG<br>3:16-cv-00395-H-WVG<br>3:16-cv-00396-H-WVG<br><br>**ORDER DENYING DEFENDANT SAMSUNG'S MOTION TO STRIKE**<br><br>[Doc. No. 213.] |

On December 19, 2016, Defendant Samsung[1] filed a motion to strike the first supplemental expert report of Dr. Oded Gottesman pursuant to Federal Rule of Civil Procedure 37(c). (Doc. No. 213.) On December 20, 2016, the Court held an initial telephonic hearing on the motion to strike. (Doc. No. 216.) Philip Wang appeared for Plaintiff FastVDO LLC. John E. Nilsson appeared for Defendant Samsung. On December 23, 2016, FastVDO filed its response in opposition to Samsung's motion to strike. (Doc.

---

[1] Defendant "Samsung" is comprised of Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.

1   No. 220.)  For the reasons below, the Court denies Samsung's motion to strike.

2         On April 5, 2016, the Court issued a scheduling order for the consolidated action
3   setting forth a deadline of November 14, 2016 for the exchange of opening expert reports.
4   (Doc. No. 125 at 13.)  On November 14, 2016, the Court granted the parties' joint motion
5   for an extension of certain deadlines in the scheduling order and set November 30, 2016 as
6   the new deadline for the exchange of opening expert reports.  (Doc. No. 207.)

7         On November 30, 2016, FastVDO served Samsung with the Opening Expert Report
8   of Dr. Oded Gottsman regarding Samsung's infringement.  (Doc. No. 213-2, Lee Decl. ¶
9   10, Ex. 8.)  On December 10, 2016, FastVDO served Samsung with the First Supplemental
10  Expert Report of Dr. Oded Gottsman regarding Samsung's infringement.  (Doc. No. 213-
11  2, Lee Decl. ¶ 13, Ex. 11.)  By the present motion, Samsung moves to strike Dr. Gottsman's
12  First Supplemental Expert Report pursuant to Federal Rule of Civil Procedure 37(c) on the
13  grounds that it was served after the deadline for opening expert reports had passed.  (Doc.
14  No. 213-1 at 4-7.)

15        "Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the
16  identity of each expert witness 'accompanied by a written report prepared and signed by
17  the witness.'"  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th
18  Cir. 2001) (quoting Fed. R. Civ. P. 26(a)).  Rule 26(a)(2)(D) further provides that "[a] party
19  must make these disclosures at the times and in the sequence that the court orders."  "Rule
20  37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information
21  required to be disclosed by Rule 26(a) that is not properly disclosed."  Id. "Exclusion of an
22  expert witness report is an appropriate remedy for failing to fulfill the required disclosure
23  requirements of Rule 26(a)."  Zest IP Holdings, LLC v. Implant Direct Mfg., No. CIV. 10-
24  0541-GPC WVG, 2013 WL 6686809, at *2 (S.D. Cal. Dec. 18, 2013); see also Yeti by
25  Molly, 259 F.3d at 1106 (explaining that Rule 37(c)(1) is " a 'self-executing,' 'automatic'
26  sanction").

27        Nevertheless, under Rule 37(c)(1), "[t]he information may be introduced if the
28  parties' failure to disclose the required information is substantially justified or harmless."

Yeti by Molly, 259 F.3d at 1106.  The party facing sanctions bears to burden of proving substantial justification or harmlessness.  See id.  Further, a district court has "particularly wide latitude" in determining whether to issue sanctions under Rule 37(c)(1).  Id.

Samsung argues that the Court should strike the supplemental expert report pursuant to Rule 37(c)(1) because it was served 10 days after the deadline for opening expert reports, and FastVDO has failed to provide a sufficient justification for the untimely report.  (Doc. No. 213-1 at 1, 4-6.)  In response, FastVDO argues that its service of the supplemental expert report on December 10, 2016 was substantially justified because FastVDO only received the relevant Qualcomm source code on December 7, 2016, and its service of the report was harmless because Samsung has suffered no prejudice.  (Doc. No. 220 at 1, 5-8.)

After reviewing the parties' arguments and the record, the Court concludes that FastVDO has provided sufficient justification for serving the supplemental expert report on December 10, 2016.  FastVDO only received the relevant Qualcomm source code on December 7, 2016, and it was able to supplement Dr. Gottesman's expert report with the source code and provide it to Samsung within three days. (Doc. No. 220-1, Wang Decl. ¶¶ 16, 22, Exs. 12, 15.)  Further, the Court rejects Samsung's contention that FastVDO was not diligent in seeking Qualcomm's source code.  This Court has previously recognized "the difficulty in obtaining third-party discovery, in particular source code which is heavily protected by companies." Multimedia Patent Trust v. Apple Inc., No. 10-CV-2618-H KSC, 2012 WL 4547449, at *6 (S.D. Cal. Sept. 28, 2012).

In addition, the Court concludes that FastVDO's service of the supplemental expert report was harmless, particularly in light of the fact that the Court granted Samsung a 13-day extension of the deadline for Samsung to serve its rebuttal expert report on infringement.[2]  (See Doc. No. 216.)  Further, the supplemental expert report was served in advance of the scheduling of expert depositions, (Doc. No. 220 at 7), and well in advance

---

[2]  Indeed, in its motion, the only prejudice identified by Samsung in its motion is having a shortened time period to analyze and respond to the supplemental report. (Doc. No. 213-1 at 6.)  The Court alleviated this issue by granting the 13-day extension of time for service of the rebuttal report.

of the deadlines for the parties to file their motions for summary judgment and <u>Daubert</u> motions. Accordingly, the Court, exercising its sound discretion, declines to strike the supplemental expert report and denies Samsung's motion to strike.[3]

**IT IS SO ORDERED.**

DATED: December 28, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3] Although the Court declines to strike the expert report on the grounds that it is untimely, the Court reminds the parties that they must comply with the deadlines set forth in the Court's scheduling orders.