RUSS, AUGUST & KABAT
Marc A. Fenster (CA SBN 181067)
Reza Mirzaie (CA SBN 246953)
Philip X. Wang (CA SBN 262239)
Arka Chatterjee (CA SBN 268546)
Jeffrey Z.Y. Liao (CA SBN 288994)
Christian Conkle (CA SBN 306374)

12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
FastVDO LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FASTVDO LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>AT&T SERVICES, INC., and<br>APPLE, INC.,<br><br>Defendants | Case No. 3:16-cv-00385-H-WVG<br>**LEAD CASE**<br><br>Member Cases:<br>16-cv-386-H (WVG)<br>16-cv-389-H (WVG)<br>16-cv-390-H (WVG)<br>16-cv-394-H (WVG)<br>16-cv-395-H (WVG)<br>16-cv-396-H (WVG) |

**FastVDO's Opposition to Apple's Motion to Stay Pending *Inter Partes* Review**

# Table of Contents


**Page**

I. SUMMARY OF ARGUMENT ........ 1

II. LEGAL STANDARD ........ 2

III. ARGUMENT ........ 3

A. The case is in its final phase, two months before trial ........ 3

1. This Court consistently denies stays at such a late stage ........ 4

2. Apple's own arguments support denying the stay ........ 5

B. Simplification of issues is speculative at best ........ 7

C. A stay would unduly prejudice FastVDO ........ 9

1. Defendants waited until the last possible day to file IPR petitions—maximizing FastVDO's prejudice ........ 9

2. Delay prejudices FastVDO ........ 12

IV. CONCLUSION ........ 14


RUSS, AUGUST & KABAT

# Table of Authorities

**Page**

**Cases**

*Affinity Labs of Texas v. Apple Inc.*,
No. 09-04436 CW, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010) .............. 10

*Allure Energy, Inc. v. Nest Labs, Inc.*,
No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) ........... 4, 13

*Arctic Cat Inc. v. Polaris Indus. Inc.*,
No. 13-cv-3579, 2015 WL 6757533 (D. Minn. Nov. 5, 2015)....................... 6

*Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*,
No. 13-CV-00457-JST, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) ......... 10

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*,
No. 10-CV-02863-EJD, 2011 WL 3267768 (N.D. Cal. July 28, 2011) ......... 9

*Clouding IP LLC v. SAP AG*,
No. 13-01456-LPS, Doc. No. 35 (D. Del. Jan. 21, 2014)............................ 13

*Comcast Cable Comms. Corp. v. Finisar Corp.*,
No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007)............ 2

*Cooper Notification, Inc.* v. *Twitter, Inc.*,
No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ..................... 13

*Cronos Techs., LLC v. Expedia, Inc.*,
No. CV 13-1538-LPS, 2016 WL 1089752 (D. Del. Mar. 21, 2016) ............ 13

*e.Digital Corp. v. Micron Consumer Prods. Grp.*,
No. 13-cv-2907-H-BGS, Doc. No. 51 (S.D. Cal. Feb. 5, 2015)..................... 4

*e.Digital Corp. v. Micron Consumer Prods. Grp.*,
No. 13-cv-2907-H-BGS, Doc. No. 67 (S.D. Cal. Apr. 16, 2015)................... 4

*e.Digital Corp. v. Microsemi Corp. et al.*,
No. 15-cv-319-H-BGS, Doc. No. 27 (S.D. Cal. July 28, 2015) ................. 4, 7

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
582 F.3d 1288 (Fed. Cir. 2009) ............................................................ 2, 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330, 1340 (Fed. Cir. 2013) .......................................................... 8

*I-Flow Corp. v. Apex Med. Techs., Inc.*,
No. 07-CV-1200-DMS-NLS, 2008 WL 2078623 (S.D. Cal. Apr. 15, 2008)................................................................................................. 6

*Intellectual Ventures I LLC v. Toshiba Corp.*,
No. 13-453-SLR, Doc. No. 559 (D. Del. Dec. 19, 2016) (attached as Exhibit A) ........................................................................................ 7, 8

*Milwaukee Elec. Tool Corp. v. Hilti, Inc.*,
138 F. Supp. 3d 1032 (E.D. Wis. Oct. 2, 2015)............................................. 6



RUSS, AUGUST & KABAT

**Table of Authorities**

**Page**

*Neste Oil OYJ v. Dynanic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ...................... 6

*Netlist, Inc. v. Smart Storage Sys.*, No. 13-cv-5889-YGR, 2014 WL 4145412 (N.D. Cal. Aug. 21, 2014) .......... 2

*Overland Storage, Inc. v. BTD AG (Germany)*, No. 10-CV-1700 JLS, 2013 WL 12066130 (S.D. Cal. Dec. 10, 2013) ........ 12

*Parthenon Unified Memory Architecture LLC v. Apple, Inc.*, No. 2-15-cv-621-JRG, Dkt. No. 124 (E.D. Tex. Apr. 29, 2016) .................... 6

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.* (*Presidio Order 1*), No. 14-CV-2061-H-BGS, Doc. No. 70 (S.D. Cal. Apr. 20, 2015) ............ 4, 5

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.* (*Presidio Order 2*), No. 14-CV-2061-H-BGS, Doc. No. 133 (S.D. Cal. Oct. 5, 2015) ............ 4, 5

*Realtime Data LLC v. Actian Corp. et al.*, No. 6:15-CV-463-RWS-JDL, Doc. No. 426 (E.D. Tex. Nov. 29, 2016) (attached as Exhibit B) ........................................................................ 11, 12

*Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293 (Fed. Cir. 2016) ............................................................ 7

*Smartflash LLC v. Apple Inc.*, 621 F. App'x 995 (Fed. Cir. 2015) ............................................................ 6

*SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ............... 12, 13

*Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107 (N.D. Cal. 2006) ...................................................... 8

*Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ........................................... 12

*TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646-RGA/MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013) ............ 9

*Unifi Scientific Batteries, LLC v. Sony Mobile Commc'ns AB*, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) ............................................. 12

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028 (C.D. Cal. 2013) ................................................... 4, 12

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12–05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014) .................. 2

**Statutes**

35 U.S.C. § 316(a)(11) ........................................................................................ 8

**Other Authorities**

Matthew A. Smith, *A Critical Analysis of the Inter Partes Review Statute*, (Nov. 11, 2011) ........................................................................................ 8



Russ, August & Kabat

Defendants waited until the last possible day to file their two IPR petitions. Because of that delay, the hearing for this motion to stay is scheduled:

- 601 days after FastVDO filed suit;
- 98 days after the Court's claim construction order;
- 66 days after the close of fact discovery;
- 5 days after the close of expert discovery;
- 8 days before a jury questionnaire is to be submitted; and
- 64 days before trial is to begin.

Having unduly delayed in filing the IPRs, Defendants cannot make the required showing for stay—and justice does not support it.

## I. SUMMARY OF ARGUMENT

The three factors all weigh against a stay. First, this litigation is in the final phase, having completed fact discovery two months ago and set to complete expert discovery this month. Trial is set to start in two months—March 28, 2017. The parties produced over 30,000 documents and deposed 29 fact witnesses. The parties exchanged 27 expert reports and will soon complete expert depositions. The Court conducted a *Markman* hearing and issued a claim construction order three months ago. Staying the case two months before trial would undo much of the substantial efforts by the parties and the Court.

Second, simplification of issues is speculative. The Court is already familiar with the asserted patent, having issued a 36-page claim construction order. Although Defendants agreed to be bound by IPR estoppel, they may only be barred from asserting one-fourth of the prior art references at issue in this litigation. This Court is the only forum that can resolve all the issues between the parties—including infringement, damages, and validity—that are not before the PTAB and cannot be simplified with a stay.

Third, a stay will inflict a severe tactical disadvantage to FastVDO. Defendants waited until the last possible day to file their IPR petitions, exactly one

year after the complaint was served. Defendants deliberately waited 8.5 months to receive FastVDO's asserted claims and then delayed another 3.5 months. Because of this delay, the decisions arrived after the close of fact discovery and in the midst of expert discovery. A stay at this late stage severely prejudices FastVDO because it has already expended vast resources in taking 13 foreign depositions, hiring 14 interpreters, preparing 15 expert reports, and taking expert depositions. By filing the petitions much earlier, Defendants could have ameliorated some of FastVDO's prejudice. Instead, they maximized it.

## II. LEGAL STANDARD

"There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014). If such a stay was "routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman J., concurring).

"If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts." *Comcast Cable Commc'ns. Corp. v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007). "Federal court calendars should not be hijacked in this manner." *Id.*

In determining whether to stay, the court considers three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would prejudice the non-moving party or present a clear tactical advantage for the moving party. *See Netlist, Inc. v. Smart Storage Sys.*, No. 13-cv-5889-YGR, 2014 WL 4145412, at *1–2 (N.D. Cal. Aug. 21, 2014).

RUSS, AUGUST & KABAT

## III. ARGUMENT

### A. The case is in its final phase, two months before trial

The first factor, stage of the case, weighs heavily against a stay. This litigation was filed on June 2, 2015—more than a year and a half ago. (Doc. No. 1.) Fact discovery closed on November 18, 2016—more than a month before Apple filed its motion to stay. (Doc. No. 125 ¶ 17.) The parties completed fact discovery, producing over 30,000 documents totaling over 600,000 pages. (Conkle Decl. ¶ 2.) The parties deposed 29 fact witnesses.[1] Among those, FastVDO deposed 13 witnesses in China and Korea, and hired interpreters to translate 14 depositions. (*Id.* ¶ 4.)

Expert discovery closes on January 18, 2017. (Doc. No. 125 ¶ 17.) The parties exchanged 27 of 28 expert reports by December 21, 2016[2]—the same day Apple filed its motion. The parties will soon complete expert depositions that may last 134–159 hours (Apple's hour estimate). (Conkle Decl. ¶ 6; Apple Memo at 3, n. 5.) Jury questionnaires are due by January 31, 2017. (Doc. No. 125 ¶ 20.) The first trial against Apple will start on March 28, 2017. (*Id.* ¶ 33.)

The Court conducted a *Markman* hearing and issued a claim construction order on October 17, 2016—more than two months before Apple filed its motion. (Doc. Nos. 191, 192.) The Court's docket has over 240 entries. The Court has ruled on and is considering several motions regarding expert reports. (*See, e.g.*, Doc. Nos.

---

[1] Fact depositions include: FastVDO's witness Pankaj Topiwala (two days); Apple's witnesses Michael Jaynes (three days), Heather Mewes, Anna Znamerovskaya, David Singer, Wiley Hodges, Rafael Rivera-Barreto, and Ulrich Armheim; Samsung's witnesses Yongwon Shin, Tae Kim, Sungho Seo, Junghwan Kim, and Silviu Moraru; ZTE witnesses Dao Tian, Shenggao Gu, and Zheng Li; Huawei's witnesses Yunxia Gao, Feng Yi, Gang Qin, Pengyan Li, and Bei Wu; LG's witnesses Yongrok Jang, Dungsung Shin, and Yangho Kim; Microsoft Mobile's witness Mario Viamin; and third party witnesses Ragnar Olson, Steve Seger, Chris Martens, Jim Meany (two days), and Natasha Radovsky. (Conkle Decl. ¶ 3.)

[2] On November 30, 2016, the parties exchanged 15 opening expert reports on infringement, damages, invalidity, non-infringing alternatives, and prior art authentication. On December 10, FastVDO served a supplemental Samsung infringement report. On December 21, the parties exchanged 11 rebuttal reports on validity, non-infringing alternatives, infringement, and damages. On January 16, 2017 Samsung will serve a rebuttal infringement report. (*Id.* at ¶ 5.)

Russ, August & Kabat

213–16, 220, 223–24, 228, 237.) A stay at this late juncture would undo much of the substantial efforts by the parties and the Court.[3]

### 1. This Court consistently denies stays at such a late stage

This Court consistently denies stays after claim construction and setting a trial date. Indeed, this Court issued five such orders in just the past two years:

- *e.Digital Corp. v. Micron Consumer Prods. Grp.*, No. 13-cv-2907-H-BGS (lead case), Doc. No. 51 at 4 (S.D. Cal. Feb. 5, 2015) (denying stay after trial date had been set and claim construction briefing was completed);
- *e.Digital Corp. v. Micron Consumer Prods. Grp.*, No. 13-cv-2907-H-BGS (lead case), Doc. No. 67 (S.D. Cal. Apr. 16, 2015) (denying joint renewed motion to stay after claim construction order);
- *e.Digital Corp. v. Microsemi Corp. et al.*, No. 15-cv-319-H-BGS, Doc. No. 27 at 10 (S.D. Cal. July 28, 2015) (denying stay after claim construction order);
- *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H-BGS, Doc. No. 70 at 4 ("*Presidio Order 1*") (S.D. Cal. Apr. 20, 2015) (denying stay three months before claim construction order and trial date in one year);
- *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H-BGS, Doc No. 133, at 4–5, 2015 WL 12843919, at *3 (S.D. Cal. Oct. 5, 2015) ("*Presidio Order 2*") (denying renewed motion to stay after claim construction and trial date in six months).

The two *Presidio* orders are instructive on timing. This Court denied the original motion to stay in April 2015 when "trial is scheduled for April 5, 2016 and each party has produced thousands of documents to the other side." *Presidio Order 1* at 4. This Court then denied the renewed motion to stay in October 2015. This Court noted: "With respect to the first factor," trial is scheduled for six months later

---

[3] *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013) ("[T]he Court spent substantial effort construing the claims. The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings."); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *2 (E.D. Tex. Apr. 2, 2015) ("The parties, and the court, had expended substantial resources in this matter at the time this motion was filed, and have since expended more. [This] factor weighs heavily against staying this matter.").

and the Court held a *Markman* hearing and issued a claim construction order 2.5 months earlier. *See Presidio Order 2* at *3. Further: "Fact discovery is closed. And, expert discovery is scheduled to close shortly [in 1.5 months]." *Id.* (citations omitted). Thus, the first factor "weighs against granting a stay." *Id.*

This case is no different from the two *Presidio* orders, except that much more discovery has taken place and trial is much closer. Consider these comparisons:

| | ***Presidio Order 1*** | ***Presidio Order 2*** | ***This Case*** |
|---|---|---|---|
| ***Case Filed*** | 7 months earlier | 13 months earlier | 20 months earlier |
| ***CC Order*** | 3 months later | 2.5 months earlier | 3.5 months earlier |
| ***Discovery Produced*** | "Thousands of documents" | Unstated but expert discovery ongoing | 30,000+ documents, 29 fact depositions, 28 expert reports, expert depositions |
| ***Close of Discovery*** | Fact discovery open, expert discovery to close 7.5 months later | Fact discovery closed, expert discovery to close 1.5 months later | Fact discovery closed, expert discovery closed |
| ***Docket*** | 69 docket entries | 132 docket entries | 240+ docket entries |
| ***Trial*** | 12 months later | 6 months later | 2 months later |
| ***Ruling*** | **Stay denied** | **Stay denied** | |

### 2. Apple's own arguments support denying the stay

Apple acknowledges that trial is only two months away but inexplicably argues that "[t]he stage of the case also favors a stay." Apple Memo at 6. Apple's only argument is that it filed its motion to stay before expert depositions and pre-trial briefing had taken place. *See id.* at 6–7. This is meritless. Apple filed its motion extremely late: after fact discovery had closed and on the same day the parties exchanged the last of 27 of 28 expert reports.

Further, the motion to stay will be decided after the close of expert discovery and when expert depositions are well underway. The parties are already preparing for expert depositions, will start them on January 17, and will complete them this month. (Conkle Decl. ¶ 6). Thus, Apple's primary argument against the stay—that it would obviate expert depositions—now supports a stay because those depositions are ongoing. *See, e.g.*, *I-Flow Corp. v. Apex Med. Techs., Inc.*, No. 07-CV-1200-DMS-NLS, 2008 WL 2078623, at *1 (S.D. Cal. Apr. 15, 2008) ("Thus, although the case may have been in its 'early stages' when the motion was filed, the case has progressed since that time, and the claim construction hearing is approaching quickly. In light of this posture and the discovery that has been completed to date, this factor weighs in favor of Plaintiff.") (denying stay).

None of Apple's cited cases are remotely similar to the facts here. *See* Apple Memo at 5–7. *Smartflash* was a non-precedential opinion about CBMs, which are governed by different statutory guidelines for stays. 621 F. App'x 995, 999 (Fed. Cir. 2015). In *Neste Oil*, the defendant filed an IPR promptly, less than three months after being sued, and the case was still "in its infancy" when stayed. 2013 WL 3353984, at *2 (D. Del. July 2, 2013). In *Parthenon*, defendant's stay motion was filed before the close of fact discovery. No. 2-15-cv-621-JRG, Dkt. No. 124 at 1–2 (E.D. Tex. Apr. 29, 2016). In *Milwaukee Electronic*, each defendant filed IPR petitions within three months of being sued, and considerable fact and expert discovery remained when the cases were stayed. 138 F. Supp. 3d 1032, 1037, 1041 (E.D. Wis. Oct. 2, 2015). Finally, in *Arctic Cat*, the parties themselves stipulated to the stay. 2015 WL 6757533, at *2 (D. Minn. Nov. 5, 2015).

Instead of justifying a stay, these cases all show why stay should be denied here. In contrast to all these cases, Apple filed its motion after the close of fact discovery and the requested stay would be entered after the close of expert discovery. Entering a stay now would contravene this Court's precedents. This Court should follow the reasoning of its prior cases and deny the stay.



RUSS, AUGUST & KABAT

**B. Simplification of issues is speculative at best**

The second factor, simplification of issues, is speculative. Defendants' invalidity expert report in the litigation relies on eight primary references as allegedly anticipating or rendering obvious the asserted claims. (Conkle Decl. ¶ 7.) Of those eight references, only two are prior art of record in Defendants' IPRs. (*Id.*) Although Defendants agreed to be bound by statutory estoppel, there is no guarantee that the IPRs will simplify issues for any prior art—especially for the six primary references that are not part of the IPRs.

The Federal Circuit recently interpreted the estoppel statute narrowly, finding that it only bars invalidity grounds that were actually raised "***during*** the IPR." *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) (emphasis in original). Thus, estoppel may not bar prior art that Defendants could have, but did not raise, in the IPRs. *Id.* Just last month Judge Robinson commented that *Shaw*, by limiting IPR estoppel, "confounds the very purpose of this parallel administrative proceeding." *Intellectual Ventures I LLC, et al. v. Toshiba Corp., et al.*, No. 13-453-SLR, Doc. No. 559 at 26–27 (D. Del. Dec. 19, 2016) (attached as Ex. A). After *Shaw*, estoppel will not greatly simplify this case. Defendants may only be barred from asserting *one-fourth* of their prior art references.

Apart from prior art, the parties are also litigating a slew of other validity issues including: written description, priority date, secondary considerations, and public use and sales. (Conkle Decl. ¶ 7.) Most of these validity issues—and *all* the parties' infringement and damages issues—cannot be addressed by the IPRs. A stay will not simplify any of these issues.

This Court is already familiar with the '482 Patent, having issued a detailed, 36-page claim construction order. (Doc. No. 192.) The Court's familiarity cuts against simplification, rendering it more speculative. In *e.Digital v. Microsemi*, this Court denied a stay after claim construction because "the Court is familiar with and has previously construed the patent." No. 15-cv-319-H-BGS, Doc. No. 27 at 10.



RUSS, AUGUST & KABAT

Likewise, in *Telemac Corp. v. Teledigital, Inc.*, the Northern District was "already familiar with some of Telemac's patents," and therefore "its interest in simplifying the proceedings by waiting for the PTO to reexamine the patents is not as strong as it might otherwise be." 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

Apple argues that the PTAB's decision could ultimately nullify this Court's judgment. This is unlikely. Because Defendants waited so long to file their IPRs, the PTAB's decisions are not due until December 2017 at the earliest, and potentially as late as June 2018[4]—a year and three months after trial (March 28, 2017). The Court is likely to enter a final judgment well before the PTAB's decisions, and any appeals in this case are likely to conclude well before any PTAB appeals.[5]

Judge Robinson recently proceeded to trial on claims that were already invalidated in IPRs but under Federal Circuit appeal. As she explained: "While the PTAB has ruled the relevant claims invalid, should the Federal Circuit overturn the PTAB, addressing these additional grounds at trial is more efficient than having to try invalidity on these grounds at a much later date." *Intellectual Ventures I*, No. 13-453-SLR, Doc. No. 559 at 27 n.18 (D. Del. Dec. 19, 2016) (Ex. A) (denying stay). The same reasoning applies here, except that no claims have been invalidated and the PTAB will not issue final decisions until well after trial.

Given the Court's familiarity and the breadth of issues presented here, this litigation is the only forum that can resolve all the issues—including infringement,

---

[4] The PTAB has a year to issue a final determination after institution, which may be extended by 6 months. 35 U.S.C. § 316(a)(11). *See also* Matthew A. Smith, *A Critical Analysis of the Inter Partes Review Statute*, p. 8 (Nov. 11, 2011) (questioning the one-year decision period and noting that the PTO could "interpret avoidance of the violation of its own (statutorily mandated) regulation as 'good cause' for an extension") (available at http://www.grayonclaims.com/storage/Critical_Analysis_of_Inter_Partes_Review.pdf).

[5] *See, e.g.*, *Fresenius USA*, 582 F.3d at 1305 (Newman, J. concurring) (The belief "that a PTO decision on reexamination will override a judicial decision reached after trial and appeal . . . is incorrect. All that can be accomplished is delay."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[U]nder 'well-established principles of res judicata,' the cancellation of a patent's claims cannot be used to reopen a final damages judgment ending a suit based on those claims.").



RUSS, AUGUST & KABAT

damages, and validity—between FastVDO and Defendants. The Court should move forward with resolving all the issues instead of waiting years for the possibility that the PTAB might resolve a small subset of issues.

### C. A stay would unduly prejudice FastVDO

The third factor, prejudice, strongly weighs against a stay. Defendants' delay in filing their IPR petitions—together with their request to stay the case after the close of discovery—inflicts a severe tactical disadvantage to FastVDO.

#### 1. Defendants waited until the last possible day to file IPR petitions—maximizing FastVDO's prejudice

"The more diligent a party is in seeking *inter parties* review, the less likely its petition is prejudicial to the non-movant." *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646-RGA/MPT, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013). "Filings for IPR made well after the initiation of litigation, however, may suggest an unfair tactical advantage or dilatory motive." *Id.*; *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *4 (N.D. Cal. July 28, 2011) ("The later in the litigation that the reexamination request is made, the more likely it is to represent a tactical move for delay.").

Here, Defendants submitted their IPR petitions on the last possible day—exactly one year after the complaint was served. (Doc Nos. 1, 13, and 219 at 2.) Because of that delay, the IPR institution decisions did not arrive until December 16, 2016, a month after the close of fact discovery and two weeks after 15 opening expert reports were exchanged. (Doc. No. 125 ¶ 17; Conkle Decl. ¶ 9.)

Given this timing, FastVDO faces the extreme tactical disadvantage of having the case stayed after completing document production and review, conducting 29 fact depositions, preparing 15 expert reports, and conducting expert depositions. (Conkle Decl. ¶¶ 2–6, 10.) In arguing for the stay, Apple complains about the "additional complexities and costs of coordinating travel and translators" for foreign witnesses at trial. Apple Memo at 6. But Apple overlooks that FastVDO already bore

the same "complexities and costs" in deposing the same foreign witnesses before the close of discovery. Four FastVDO attorneys traveled to China and Korea to take 13 foreign depositions. (Conkle Decl. ¶ 4.) FastVDO also hired interpreters to translate 14 depositions in Asia and the United States. (*Id.*)

Defendants learned in early June 2015 that the '482 Patent was being asserted against them. Defendants also knew that the PTAB's institution decision could take six months. (*See* Doc. No. 219 at 2.) Thus, Defendants should have prepared IPRs immediately for the lone asserted patent and filed them "as soon as possible." *See, e.g.*, *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014) ("Because of the delay" in instituting IPRs, "this Court expects accused infringers to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them."). Instead, Defendants delayed as long as possible.

Defendants apparently concede they deliberately waited ***8.5 months*** (from the complaint being served to receiving FastVDO's asserted claims) before working on the IPRs. *See* Apple Memo at 11–12. This lengthy delay was unjustified.[6] Defendants knew the PTAB decisions would take a long time and could potentially run into discovery deadlines that would be soon set in the case. By delaying, Defendants created the risk that the IPRs would not be instituted until the end of discovery. This is exactly what happened and, as this Court recognized, Defendants only have themselves to blame. (*See* Doc. No. 219 at 2.)

Further, the six Defendants could have easily prepared one or two IPR petitions challenging the lone asserted patent before receiving the asserted claims. Although the '482 Patent contains 30 claims, there are only 5 independent claims.

---

[6] During the 8.5 months, Defendants filed a transfer motion in November 2015 and then litigated it for several months. (*See* Doc. Nos. 40, 43–57, 70–71, 74–75.) This does not justify the delay. *See Affinity Labs of Texas v. Apple Inc.*, No. 09-04436 CW, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010) ("Apple successfully transferred this case to [NDCal] because of the convenience of trying the case here as opposed to [EDTex]. Apple then waited [three months] to file its request for an *inter partes* reexamination.") (finding this delay weighed against granting stay).



RUSS, AUGUST & KABAT

(Conkle Decl. ¶ 8.) Many claims contain the same or similar limitations, as reflected in the Court's claim construction order (*Id.*; *see* Doc. No. 192.) Defendants could have also prioritized the claims they considered most likely to be asserted.

After delaying for 8.5 months, Defendants then delayed for another ***3.5 months*** after receiving the asserted claims on February 29, 2016. During this time (on April 5, 2016), the Court issued a full scheduling order that set the fact discovery deadline in November 2016, expert discovery deadline in January 2017, and trial in March 2017. (Doc. No. 125 ¶¶ 17, 33.) Defendants' additional delay—with full recognition of the case schedule—falls far short of reasonable diligence.

Judge Love decided a case two months ago that is instructive on this point. *Realtime Data LLC v. Actian Corp. et al.*, No. 6:15-CV-463-RWS-JDL, Doc. No. 426 (E.D. Tex. Nov. 29, 2016) (attached as Ex. B). There, defendants filed four IPR petitions against two asserted patents just short of the one-year deadline. *Id.* at 5. Defendants asserted that the petitions were timely because they were filed "just 4 months" after amended infringement contentions. *Id.* In denying stay, Judge Love rejected this argument, finding that "the timing of the IPR petitions here shows that Defendants did not act with sufficient dispatch." *Id.* Likewise, the Defendants here were insufficiently diligent in delaying 8.5 months before FastVDO's infringement contentions and then another 3.5 months after receiving those contentions.

Defendants' excessive delay unfairly prejudices FastVDO. If Defendants had filed their IPR petitions much sooner, the decisions would have arrived well before the close of fact discovery. Then this stay motion could have been addressed at least before the parties completed the 21 fact depositions and 28 expert reports in this case. This may have ameliorated some of FastVDO's prejudice. Instead, Defendants waited until the last possible day—maximizing FastVDO's prejudice. This is the exact prejudice Judge Love recognized in denying stay. *See, e.g.*, *id.* at 8–9 (filing late IPRs "tends to prejudice the non-moving party"; if filed earlier, "both parties might have been spared some of the burdens of discovery").



RUSS, AUGUST & KABAT

### 2. Delay prejudices FastVDO

A stay denies FastVDO timely enforcement of its patent rights. As explained, the PTAB final decisions may not be due until a full year after trial. Any appeal could take another year or more. Postponing this litigation contravenes the just and speedy resolution of FastVDO's rights.[7] FastVDO may also be prejudiced because "a protracted stay could raise issues with stale evidence, faded memories, and lost documents." *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012).[8] The prejudice factor weighs against a stay, particularly given Defendants' delay in filing their IPRs.

Although FastVDO does not compete with Defendants and the '482 Patent is expired, this does not eliminate FastVDO's prejudice. Courts have consistently recognized that patent owners have an interest in timely enforcement of their patent rights.[9] "[T]he fact that [FastVDO] is a non-practicing entity and is merely pursuing monetary damages would not preclude [FastVDO] from experiencing prejudice if the Court granted Defendants' motion to stay." *Realtime Data*, No. 6:15-CV-463-RWS-JDL, Doc. No. 426 at 5–6 (Ex. B) (quotes and citations omitted). "Although

[7] *See, e.g.*, *Universal Elecs.*, 943 F. Supp. 2d at 1035 ("The Court is concerned that allowing the progress of its docket to depend on the status of proceedings elsewhere can interfere with its obligation 'to secure the just, speedy, and inexpensive determination of every action' . . . . This consideration weighs against a stay."); *Overland Storage, Inc. v. BTD AG (Germany)*, No. 10-CV-1700 JLS, 2013 WL 12066130, at *2 (S.D. Cal. Dec. 10, 2013) ("The Federal Circuit recognizes the existence of a 'strong public policy favoring expeditious resolutions of litigation.'").

[8] "Although Defendants contend that the evidence in this case is based on source code that can be preserved easily, SoftView must also rely, at least to some extent, on evidence that can only be acquired through witnesses, whose memories will inevitably fade and/or who may become more difficult to find over time. Conversely, the evidence that Defendants must rely on to prove invalidity is primarily prior art references, which seemingly will not change and is less likely to become more difficult to locate with the passage of time." *SoftView*, 2012 WL 3061027, at *4.

[9] *See, e.g.*, *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) ("[T]he plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights."); *Unifi Scientific Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12-cv-224 JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) ("USB has a recognized interest in the timely enforcement of its patent rights.").



RUSS, AUGUST & KABAT

courts have recognized that non-practicing entities may be less prejudiced by a stay than a marketplace competitor, [FastVDO] still has an interest in timely enforcement of its patent rights." *Id.* at 6 (quotes and citations omitted).

As another example, in *Cronos Techs., LLC v. Expedia, Inc.*, the asserted patent was expired and plaintiff was a non-practicing entity. No. CV 13-1538-LPS, 2016 WL 1089752, at *1–2 (D. Del. Mar. 21, 2016). The court denied the stay, recognizing that the delay from PTO review "may result in some in inherent prejudice to the plaintiff." *Id.* at *2.

Finally, a stay unfairly prejudices FastVDO by depriving it of its chosen forum for litigating validity challenges. Defendants presumably believe that validity challenges before the PTAB are more favorable to accused infringers due to the lower burden for establishing invalidity. And since the PTAB does not address infringement or damages, the PTAB provides accused infringers with a risk-free forum to challenge a patent's validity.

Thus, forcing FastVDO to litigate validity exclusively before the PTAB would provide Defendants "with a clear, and unwarranted, tactical advantage." *Cooper Notification, Inc.* v. *Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010); *Allure Energy*, 2015 WL 11110606, at *1 ("[A] stay would likely require Plaintiff to expend considerable financial resources on the IPR proceedings, prior to its day in court.").

A stay also provides Defendants with their choice of forum at the cost of FastVDO's choice of forum. *See, e.g., Cooper Notification*, 2010 WL 5149351, at *3 ("Staying this litigation in favor of the PTO proceeding would grant Defendants their choice of forum . . . for no good reason"); *SoftView*, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (A stay "would provide Apple with its choice of forum without any compelling justification for doing so."); *Clouding IP LLC v. SAP AG, et al.*, No. 13-01456-LPS, Doc. No. 35 (D. Del. Jan. 21, 2014) ("[A] stay of this one case will unfairly prejudice Plaintiff by depriving it of its chosen forum").

RUSS, AUGUST & KABAT

## IV. CONCLUSION

Although the arguments against the stay relate primarily to timing and prejudice, they find strong support in law—and in principles of such ancient vintage that even the Romans had a rule for it: "The law disapproves of delay." *Black's Law Dictionary* (10th ed. 2014) at 1927 (*lex reprobate moram*).

Defendants delayed a full year before filing their IPR petitions and should not be rewarded for that delay. To deny the stay would encourage other defendants in this District to work expeditiously and file their IPRs well before the statutory deadline. To grant the stay would have the opposite effect. It would encourage defendants to wait until the last possible moment knowing they could obtain a stay regardless of the case schedule and regardless of plaintiff's prejudice.

The Court should deny the stay because it is the right outcome in this case and because it guides the right policy in other cases.

DATED: January 9, 2017 By: */s/ Reza Mirzaie*
Reza Mirzaie

Marc A. Fenster (CA SBN 181067)
Reza Mirzaie (CA SBN 246953)
Philip X. Wang (CA SBN 262239)
Arka Chatterjee (CA SBN 268546)
Jeffrey Z.Y. Liao (CA SBN 288994)
Christian Conkle (CA SBN 306374)

RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
rmirzaie@raklaw.com
pwang@raklaw.com
achatterjee@raklaw.com
jliao@raklaw.com
cconkle@raklaw.com
*Attorneys for Plaintiff FastVDO LLC*

RUSS, AUGUST & KABAT

**Certificate of Service**

I certify that counsel of record is being served on January 9, 2017, with a copy of this document via ECF.

*/s/ Reza Mirzaie*